UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **DR. JEFFREY STEWART**, an individual, <br><br> Plaintiff, <br><br> v. <br><br> **FLORIDA SOUTHWESTERN STATE COLLEGE**, a political subdivision of the State of Florida, <br><br> Defendant. | CIVIL ACTION <br><br> Case No. 2:20-cv-002 <br><br> Judge: <br><br> Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **DR. JEFFREY STEWART** ("**STEWART**" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

**CAUSES OF ACTION**

1. This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII) and the Florida Civil Rights Act of 1992 (FCRA) for (1) gender discrimination in violation of Title VII, and (2) gender discrimination in violation of the FCRA.

**PARTIES**

2. The Plaintiff, **DR. JEFFREY STEWART** ("**STEWART**" or "Plaintiff") is an individual and was a resident of Florida at all times relevant to this action, and was the Provost at **FLORIDA SOUTHWESTERN STATE COLLEGE** ("FSW").

3. Defendant, **FSW** was and is a public entity and is a public institution of higher education located in Fort Myers, Florida. **FSW** is an employer under Title VII and the FCRA.

4. At all material times, **FSW** employed greater than fifteen (15) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **STEWART**'s state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

8. **STEWART** received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on October 11, 2019 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.)

## GENERAL ALLEGATIONS

9. **FSW** is a public college located in Fort Myers, Florida.

10. At all material times, **STEWART** was an employee and **FSW** was his public employer.

11. **STEWART**, by virtue of his gender, is a member of a protected class.

12. **FSW** hired **STEWART** on August 31, 2012.

13. **STEWART** always performed his assigned duties in a professional manner and was very well qualified for his position.

14. **STEWART** was **FSW**'s Provost until **FSW** took adverse action against him based upon his gender.

15. He always received good to very good performance reviews from **FSW** until **FSW** allegedly received a complaint that he had engaged in sexual harassment.

16. On or about July 31, 2018, **FSW** maintains its Title IX officer received a report of alleged sexual harassment regarding **STEWART**.

17. As part of that report, Judith Pultro and other women made many statements to **FSW** regarding **STEWART** that were completely false, which included (but were by no means limited to), **STEWART** supposedly engaging in some of the following allegedly unwelcome conduct:

   a. Touching her genitals over her clothing while dancing;

   b. Stating to her wanted to bend another female employee over an exercise ball and "f*** her";

   c. Trying to put his hand down her pants;

   d. Unzipping his pants and forcing her to touch his genitals;

   e. Forcing her to perform oral sex on him;

   f. Pulling her into his hotel room at a conference;

   g. Pushing her up against a wall to kiss her, and;

   h. Engaged in unwelcome sexual harassment.

18. These allegations by Ms. Pultro and others to third-parties, including to **FSW**, are completely untrue and have become part of the public domain.

19. While it is undisputed that Ms. Pultro, a married woman, and **STEWART** enjoyed a friendly, collegial relationship, Ms. Pultro desired far more than a professional relationship and, in fact, attempted to initiate a sexual relationship with **STEWART**.

20. On several occasions, Ms. Pultro kissed **STEWART** and, on multiple occasions, she groped his genitals over his pants.

21. Furthermore, she would *frequently* call **STEWART** and would *frequently* send him text messages.

22. These text messages were sexually suggestive and were completely inappropriate.

23. For example, one of Ms. Pultro's text messages alluded to her desire to have **STEWART** give her a massage and her desire that **STEWART**'s hands be touching her body.

24. Ms. Pultro also sent **STEWART** an unsolicited photograph of her bare breasts, which was taken in Ms. Pultro's home.

25. **STEWART** did not sexually harass Ms. Pultro or others, and their untruthful reports to **FSW** were known to **FSW** to be defamatory and they resulted in significant damage to **STEWART**'s career and have severely impugned his reputation.

26. In fact, **FSW** deliberately released its investigative report to the news media, which endorsed the false statements, causing further damage to **STEWART**.

27. As a result, **STEWART**'s good reputation has been irreparably been tarnished and he has been unable to secure comparable employment in higher education.

28. Without even investigating any complaints, **FSW** terminated **STEWART** because as a man**,** he must have committed the alleged sexual harassment against females, when in fact he did not.

29. **FSW** demanded **STEWART**'s almost immediate resignation, informing him that he could either resign or be fired at **FSW**'s next Board meeting.

30. In response, **STEWART** tendered his resignation in September 2018.

31. **FSW** engaged in intentional discrimination based upon **STEWART**'s gender by making the assumption that the female complainants were truthful and that **STEWART**, as a male superior, must have committed the alleged sexual harassment, which he did not.

32. **FSW**'s decision as to **STEWART**'s separation from employment was thus gender-based.

33. **FSW**'s gender-based discrimination then continued because when **FSW** finally did an investigation, not once was **STEWART**'s version of the events given any credence whatsoever despite the "he said-she said" nature of almost all of the allegations.

34. By no means could FSW have made any "finding by a preponderance" based on the obviously conflicting evidence but **FSW**'s female investigator nevertheless chose female complainants' version over **STEWART**'s each and every time.

35. **FSW**'s decision to terminate **STEWART**'s employment was predetermined and predicated on his gender.

36. **FSW** has violated Title VII and the FCRA.

**COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, GENDER DISCRIMINATION- FSW**

37. Plaintiff incorporates by reference Paragraphs 1-37 of this Complaint as though fully set forth below.

38. **STEWART** is a male and as such, is a member of a protected class.

39. At all material times, **STEWART** was an employee and **FSW** was his employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

40. **STEWART** was, and is, qualified for the positions that he held with **FSW**.

41. **STEWART** has endured disparate treatment while employed with **FSW**, thereby altering the terms and conditions of his employment.

42.     The acts, failures to act, practices and policies of **FSW** set forth above constitute intentional discrimination on the basis of Plaintiff's gender in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

43.     As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **STEWART** has lost benefits and privileges of his employment and has been substantially and significantly injured in his career path.

44.     As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **STEWART** is entitled to all relief necessary to make him whole as provided for under 42 USC § 2000e et seq.

45.     As a direct and proximate result of **FSW**'s actions, **STEWART** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

46.     **STEWART** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all gender discrimination against employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

   iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

   iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

   v. Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

   vi. Reasonable attorney's fees plus costs;

   vii. Compensatory damages, and;

   viii. Such other relief as this Court shall deem appropriate.

**COUNT II – VIOLATION OF THE FLORIDACIVIL RIGHTS ACT OF 1992, GENDER DISCRIMINATION- FSW**

47. Plaintiff incorporates by reference Paragraphs 1-37 of this Complaint as though fully set forth below.

48. **STEWART** is a male and as such, is a member of a protected class.

49. At all material times, **STEWART** was an employee and **FSW** was his employer covered by and within the meaning of the FCRA.

50. **STEWART** was, and is, qualified for the positions that he held with **FSW**.

51. **STEWART** has endured disparate treatment while employed with **FSW**, thereby altering the terms and conditions of his employment.

52. The acts, failures to act, practices and policies of **FSW** set forth above constitute intentional discrimination on the basis of Plaintiff's gender in violation of the FCRA.

53. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **STEWART** has lost benefits and privileges of his employment and has been substantially and significantly injured in his career path.

54. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **STEWART** is entitled to all relief necessary to make him whole as provided for under the FCRA.

55. As a direct and proximate result of **FSW**'s actions, **STEWART** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

56. **STEWART** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all gender discrimination against employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendants to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii.   Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **DR. JEFFREY STEWART**, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: January 2, 2020

/s/ **Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com